(February 17, 1993)

■ In the Matter of BART A. DIDDEN, Respondent, v FRED TEDESCO, Also Known as FRITZ TEDESCO, Appellant.—In a proceeding pursuant to Election Law § 15-138, the appeal is from a judgment of the Supreme Court, Westchester County (Wood, J.), dated January 28, 1993, which directed the appellant to conduct a Conservative Party caucus in the Village of Port Chester.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

Election Law § 15-108 (2) (a) provides, in pertinent part, that "[p]arty nominations of candidates for village offices in any county shall be made at a party caucus or, if the rules of the county committee * * * so provide, at a primary election".

Section 2 of article 5 of the Rules and Regulations of the Westchester County Committee of the Conservative Party provides: "Nominations of candidates for village office pursuant to law shall be made by a caucus of enrolled members of the Conservative Party residing within said Town or Village. No such caucus shall be held without the written authorization of the Chairman of the County Committee who shall appoint a Chairman and Secretary of that caucus, both actions being subject to the approval of the Executive Committee. Notice of the caucus shall be made pursuant to law".

The Election Law and the Rules of the Westchester County Committee of the Conservative Party make the holding of a caucus mandatory if the party wishes to nominate a candidate for village office. However, there is no evidence in the record that the Village of Port Chester Conservative Party wishes to nominate any candidates for the 1993 village election. Thus, it was not required to hold a caucus, although it was authorized to do so.

Accordingly, the proceeding is dismissed. Mangano, P. J., Thompson, Sullivan and O'Brien, JJ., concur.